IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dakin Adam Braddick, | ) |
|     Plaintiff, | ) C/A No.: 1:20-cv-1373-JD |
| vs. | ) **OPINION & ORDER** |
| Richland County, a political subdivision of the State of South Carolina, | ) |
|     Defendant. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Shiva V. Hodges ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(f) of the District of South Carolina.[1] Dakin Adam Braddick ("Braddick" or "Plaintiff") asserts claims against Richland County ("Defendant") for (1) negligence brought pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-70 ("SCTCA"), (2) violations of the South Carolina State Constitution, and (3) violations of the United States Constitution brought pursuant to 42 U.S.C. § 1983. (DE 1-1.) Defendant filed a Motion for Summary Judgment on October 14, 2020. (DE 17.)

Petitioner filed a response in opposition on October 28, 2020. (DE 18.) Thereafter, the Report and Recommendation was issued, recommending that Defendant's Motion for Summary Judgment be granted as to Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 and that

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's remaining state law claims be remanded to state court. (DE 18.) Defendant filed an objection to the Report and Recommendation on December 14, 2020. (DE 23.) Plaintiff filed a response to the objection on December 29, 2020. (DE 24.) For the following reasons, the Court adopts the Report and Recommendation as modified herein.

Defendant filed an objection to the Report and Recommendation; however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Defendant objects only to the Report and Recommendation's analysis to the extent the Court chooses to exercise supplemental jurisdiction over the remaining state law claims. Since this Court grants the Defendant's Motion for Summary Judgment on Plaintiff's 42 U.S.C. § 1983 claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Accordingly, Petitioner's objections to the Report are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. Equally, Plaintiff's response does not raise a specific objection to the Report's dismissal of the § 1983 claim and seeks a remand to

the Richland County Court of Common Pleas. After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as it relates to the Plaintiff's 42 U.S.C § 1983 claim only and incorporates the Report herein as modified.

It is therefore **ORDERED** that the Defendant's Motion for Summary Judgment is granted as to Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 and that Plaintiff's remaining state law claims are remanded to state court.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
April 28, 2021

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.